FILED

NOT FOR PUBLICATION

MAY 21 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER DALE GRAVES, | No. 12-16700 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00666-KJM-CMK |
| v. | |
| KAREN J. TODD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Peter Dale Graves appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We review for an abuse of discretion a district court's evidentiary rulings. *See United States v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007). We affirm.

The district court properly dismissed Graves's claims against Mallat because Graves failed to allege that Mallat consciously disregarded any serious medical needs concerning the treatment of Graves's injured finger. *See Hebbe*, 627 F.3d at 341-42 (standard to state claim for relief); *Toguchi*, 391 F.3d at 1060 ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

The district court properly granted summary judgment for the remaining defendants because Graves failed to raise a genuine dispute of material fact as to whether they consciously disregarded a serious risk to Graves's health in their treatment of Graves's injured finger. *See Toguchi*, 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that a difference of opinion amounted to deliberate indifference, a prisoner must show that the defendants' chosen course of treatment was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health).

The district court did not abuse its discretion by denying Graves's request to pose written questions to his treating physicians because Graves's questions sought expert testimony without compliance with the written report requirements of Federal Rule of Civil Procedure 26(a)(2)(B). *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (a treating physician testifying beyond the scope of treatment rendered must comply with Rule 26(a)(2)(B)'s expert witness written report requirement).

The district court did not abuse its discretion in denying Graves's motions for appointment of counsel because Graves failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

Graves's contentions that the district court was biased or incomplete in reviewing the pleadings and evidence are without merit.

**AFFIRMED.**